**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - -X
DAVID ROSARIO,                   :
                                 :
                Petitioner,      :
                                 :
    -against-                    :     01 Civ. 6230 (JFK)
                                 :     96 Cr. 126 (JFK)
                                 :     **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,        :        **and ORDER**
                                 :
                Respondent.      :
- - - - - - - - - - - - - - - - -X

**JOHN F. KEENAN, United States District Judge**:

On August 26, 2004, the Court issued an Opinion and Order ("Order") denying Petitioner David Rosario's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On February 7, 2005, the Court received a letter from Rosario in which he stated that he "would like to amend [his] C.O.A. in light of the new Supreme [sic] ruling in Booker and Fanfan." (Ltr. from D. Rosario to Court (Feb. 2, 2005).) Construing his pro se papers broadly, the Court will presume that Rosario seeks a certificate of appealability ("COA") from the Order on any ground. See 28 U.S.C. § 2253(c)(2) (COA may be issued "if the applicant has made a substantial showing of the denial of a constitutional right."). The Government opposes the application. (Ltr. from AUSA K. Lemire to Court (Dec. 14, 2005).)

In his § 2255 petition, Rosario argued (1) lack of sufficiency of the murder charge in the indictment; (2) lack of sufficient evidence to support his convictions; (3) undue infringement by the Court on the jury's fact-finding function;

and (4) ineffective assistance of counsel. The Court found that Rosario had filed the § 2255 petition over two years beyond the statute of limitations imposed by the statute, a fatal defect for claims (1) through (3). (Order at 5-8.) Nevertheless, the Court fully addressed these claims on the merits as if they were not time-barred. (Order at 9-12.) The Court also gave thorough treatment to Rosario's ineffective assistance claim. (Order at 12-17.) The Court is satisfied that no reasonable jurist would disagree with the Court's resolution of Rosario's § 2255 petition and that the issues require no further pursuit. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

The Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), does not change this result. Booker does not apply retroactively on collateral attack where, as here, the defendant's conviction was final as of January 12, 2005. See Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005).

Rosario's application for a COA is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Order or this decision would not be taken in good faith.

**SO ORDERED.**

Dated: New York, New York
December 27, 2005

JOHN F. KEENAN
United States District Judge