# MANDATE

S.D.N.Y.–N.Y.C.
96-cr-126
01-cv-6230
Keenan, J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand nineteen.

Present:

Guido Calabresi,
José A. Cabranes,
Denny Chin,
    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 21 2019

David Rosario,

*Petitioner*,

v.                                                                          18-2848

United States of America,

*Respondent*.

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 petition based on new evidence. Upon due consideration, it is hereby ORDERED that the motion is DENIED because Petitioner has not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) are satisfied.

Petitioner primarily argues that the statements of a co-defendant, along with other evidence, demonstrate that he is innocent of a murder underlying his offenses and that the Government knowingly introduced perjured testimony at his trial. Although there are some inconsistencies between the Petitioner's purported new evidence and the testimony that was presented at his trial, the inconsistencies are minor and are not related to the Petitioner's role in the murder. A reasonable factfinder, when faced with the Petitioner's additional evidence, could still accept the Government's theory of liability. Thus, Petitioner has failed to show that the new evidence, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h)(1).

**MANDATE ISSUED ON 03/21/2019**

For the same reasons, Petitioner has not made a prima facie showing of actual innocence. Specifically, he has not made a showing that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (discussing standard for an actual innocence claim serving as a gateway to defaulted constitutional claims); *id.* at 555 (discussing the higher standard applicable to freestanding actual innocence claims).

It is further ORDERED that the stay entered by this Court on October 22, 2018, is TERMINATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit