**Exhibit G**

86cQRoss

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                    S9 96 Cr. 126 (JFK)

DAVID ROSARIO,

                 Defendant.

------------------------------x

                                      June 12, 1998
                                      9:20 a.m.

Before:

                 HON. JOHN F. KEENAN,

                 District Judge


                    APPEARANCES

MARY JO WHITE
        United States Attorney for the
        Southern District of New York
     HECTOR GONZALEZ
     VERNON BRODERICK
     THOMAS KAPP
     Assistant United States Attorneys


LYNNE F. STEWART
     JONATHAN LIBBY
     Attorneys for Defendant

Sentence

(In open court)

THE COURT:  Ms. Stewart, I know you are on trial, I believe it's in Bronx County, correct?

MS. STEWART:  That's correct, Judge.

THE COURT:  When these proceedings are finished, in the event you think you are going to be late up there, give Mr. Ryan, please, the number of the part and the name of the judge, and we will call and explain it that it's through no fault of yours that you were delayed.

MS. STEWART:  Thank you, Judge.

THE COURT:  All right, first, do you wish in any way, Ms. Stewart, to amplify or make additional remarks in support of the motion that you have made under Rule 29 and Rule 33?

MS. STEWART:  No, Judge, we would rest on our papers.

THE COURT:  Does the government have anything else it wants to say?

MR. GONZALEZ:  No, your Honor.

THE COURT:  I will then read my ruling into the record, and I will give the court reporter a copy of it, because there are certain citations that I will mention.

Sentence

David Rosario moves under Federal Rule of Criminal Procedure 29 and also under Rule 33. Under Rule 29 he moves to set aside the jury's guilty verdict and for a judgment of acquittal. Alternatively, he moves under Rule 33 for a new trial based on alleged erroneous rulings by the court at trial and alleged errors in the charge to the jury.  Both motions are denied.

In a Rule 29 motion, under United States v. Torres, 901 F.2d 205, quoting from page 216, this was a Second Circuit decision in which certiorari was denied at 498 U.S. page 906 in 1990, I must view the evidence "In the light most favorable to the government."  Further "All reasonable inferences are to be resolved in favor of the prosecution."  See United States v. Rodriguez, 702 F.2d page 38 at page 41.  That was a Second Circuit decision decided in 1983.  Under these tests, the Rule 29 motion must fail.

There is no dispute, nor is there any doubt that there was a racketeering enterprise known as the Velasquez Organization.  The evidence was overwhelming that David Rosario was a member of the Velasquez Organization at

the times charged in the indictment.

As to Count 1, Racketeering Act 2A, the conspiracy to murder Juan Valdez, the convincing testimony of James Brown and the corroborating testimony of Pedro Lara, Angelo Minervini, Fernando Garcia and the exhibits received at trial, more than adequately establish the defendant's guilt.

Concerning Count 1, Racketeering Act 3A, the conspiracy to murder Sarah Wagner, the testimony of Francisco Roa and James Brown demonstrated clearly that David Rosario was involved in that conspiracy.

As to Count 1, Racketeering Act 4A and Count 3, 4, and 5, all related to the murder of Juan Tavares, the testimony at trial demonstrated David Rosario's guilt. Roa and Lara as well as James Brown, established the defendant's guilt on these counts.

The argument advanced by the defendant that the verdict was inconsistent because of the findings relative to Count 1 Racketeering Act 4B and Count 4 also is without merit. Under Pinkerton v. United States, 328, U.S. 640, particularly at page 645, which was

Sentence

decided by the Supreme Court in 1946, the verdicts were not inconsistent.  Even assuming an inconsistency, however, under the United States v. Powell, 496, U.S. at page 57, particularly that portion of the decision at pages 64 and 65 cited by the Supreme Court in 1984, and also under Dunn v. United States, 248, U.S. 390, particularly at page 393, decided 1932, the defendant's motion must be denied.

The conviction on Count 2, the racketeering conspiracy, was also justified. The proof on that count was overwhelming.

As to Count 5, there is more than adequate evidence to support a conviction under the Pinkerton theory.

The new trial motion under Rule 33 is likewise denied.  Such motions are disfavored in the Second Circuit, United States v. Gambino, 59 F.3d page 353 at page 364 particularly.  The Second Circuit decided Gambino in 1995, and the Supreme Court denied certiorari of Gambino at 517 US 1187 in 1996. In any event, the issues raised by the Rule 33 motion were vigorously litigated before and

during the trial, and it would be error for the court to grant this motion.

All other arguments, relative to these motions raised by the defense, not specifically addressed by the court today, are not grounded in governing principles of Second Circuit law, nor are they supported by the facts.  The defendant's guilt, as found by the jury, his participation in the racketeering conspiracy and in the Velasquez organization, were all proven by the government beyond a reasonable doubt.

The motion is then denied.

Ms. Stewart, I'm required to ask these questions, although the answers are self-evident.  Did you receive a copy of the probation report?

MS. STEWART:  I did, Judge.

THE COURT:  Did you have an opportunity to go over it with Mr. Rosario?

MS. STEWART:  I did, Judge.

THE COURT:  Are you ready for sentence?

MS. STEWART:  We are ready for sentence.

THE COURT:  I will hear you on sentence.

MS. STEWART:  Judge, I am going to just

rely on the presentence report and what it contains therein. To some degree, to the degree that there are inconsistencies and inaccuracies, I don't think they affect the sentence as it will be meted out here today.

THE COURT: Is there anything the government wanted to say on sentence?

MR. GONZALEZ: No, your Honor.

THE COURT: Mr. Rosario, please rise, sir.

MS. STEWART: Judge, the defendant has asked me to read a statement that he wrote.

THE COURT: You certainly may, and I was just about to give him an opportunity to be heard.

MS. STEWART: I thought that's what you said.

THE COURT: What I started to say was would you please rise, Mr. Rosario, and then I was going to say if there is anything you want to say, I am happy to hear you. But if the preference on the defense side is for you to read into the record his statement, that's all right with the court.

MS. STEWART: Okay. We have all been through this script so many times, I guess we

Sentence

are stepping on each other's lines.  I'm sorry, Judge.

This is David's statement as written:

"I have prepared a statement for my attorney to read to the court.  The reason I have asked my attorney to read this statement is because I refuse to speak in a court full of hypocritical officers of the law instead of being representative of the law to serve and protect the constitutional rights of all individuals regardless of race, color or religious preference as well as fabricated allegations towards innocent people.

"Let me start by saying that I am still totally innocent regardless of the fact that I have been falsely convicted of the charges that have been prefabricated.  Of all the false charges that have been forced on me, I still stand not guilty.

"Your Honor, I feel that it is wrong and very unprofessional, unethical of the prosecution to have prosecuted me or anyone else who stands like me that is innocent of the charges they are accused of, just because an individual refuses to cooperate with the

prosecution, become a federal informant or a confidential informant on cases and other matters I have no knowledge of or to fabricate evidence or statements against other individuals who I don't know or even associate with.  To put it simply, your Honor, to become the prosecutor's puppet.

"Your Honor, one thing I must say is I commend the prosecutors along with the federal agents for creating one hell of an illusion of guilt in this courtroom.  Of course, with the help of all the negative facial expressions and body language being done in front of the jury. When it was my turn to cross-examine the prosecutor's liars, it was obvious the jury had to be misled or better yet distracted from the truth, which is that I am totally innocent, and there was no evidence at all to support the charges I am being accused of.

"I would also like to say is that all of this is downright unjust, especially when the prosecutors are vindictive towards me for not becoming their puppet.

"I also am stating that it was wrong for prosecutions to have been allowed to use any

Sentence

physical evidence directed towards another individual to be used against me.  The evidence in question was used against Velasquez to obtain an indictment of him, but yet the whole indictment of the Ramon Velasquez Organization was dropped on him.  All 116 counts, including over 20 murders.

"Now, I have been convicted for murder and conspiracy to murder, of the murders I was originally charged with on the Velasquez Organization case, and that case has been dropped.  I personally say that it is wrong and unconstitutional for me to have been tried for another individual's crimes and made to be a scapegoat or a sacrificial lamb for the prosecution's deals.

"The reason I'm stating this is because during my trial, where there was so much evidence pointing towards Mr. Velasquez and his organization, stating that Mr. Velasquez did this and Mr. Velasquez did that, all this was brought out by the prosecution, yet in all reality, it is Mr. Rosario being prosecuted for everyone else's wrongdoing while they have Mr. Velasquez and all their other puppets from

the original indictment tucked away to preserve their credibility for other cases to come.

"I would also like to state for the record that I have never been part of the Velasquez Organization and find it highly insulting that the prosecution and federal agents placed me in an organization filled with cowards.  Don't misinterpret what I'm saying, I'm not a saint, but I am far from a bad guy, and you should not have judged a person by this fabricated hearsay.

"Also, your Honor, I find it highly improper for me to be held accountable for other individual's actions and how they chose to live their lives in the outside world while I was serving a 40 to life sentence behind walls in an upstate prison.  There was no physical evidence to show or link me to any murders, letters, wiretaps, phone taps, pictures, except fabricated hearsay paid for by the government.

"My final summation I would like to apologize to my family, especially to my three children and my ex-wife who now has to be a single parent until I receive proper justice.

Sentence

"To the family of the victims, I feel some sympathy for the injustice done to them by the prosecution.  To be more specific, it is unethical to mislead the victim's families to believe that the ones responsible for the murders, plotting, ordering and carrying out was prosecuted while the real ones responsible are being cut loose and given deals in the years to come because of their supposed cooperation and the prosecutor's 5K1 letter, which is the first step to get out of jail free card, sending them out in the outside world to commit further crime when they should be where I am.

"Also for the record, your Honor, I would just like to say that if any harm happens to my family because of the prosecution's mistakes of stating lies that the so-called witnesses and family lives were in danger by me, and now letting these individuals roam the streets in the near future, I am holding the prosecution responsible for it and will take any and all legal action against all of you.

"Your Honor, please spare me your speech or comment, if any, about how in all your

Sentence

lifetime as a judge you have never seen so much violence or disregard for life, because I was already told by my codefendants about your prejudicial comment about me at his sentencing. For now, it is irrelevant.  Due to the fact that individuals who have admitted to planning, committing, carrying out, ordering and paying for the crimes that I am being charged with are given an opportunity to go back soon into society for fabricating statements against me for the prosecution, yet just like other inopportune convicted individuals, I am another man falsely convicted by circumstantial evidence, as we already know that circumstantial evidence is a dangerous thing. But it's more lethal when it's left to run wild with the prosecutor's ambitious and vindictive imagination.  That not a trial; this was a sacrifice.

"Your Honor this was supposed to be a court of law, not a court of vengeance, and to say that I was given a fair trial will be a private joke among all of you, and the record will speak for itself.  Thank you, Judge."

THE COURT:  The only thing that I'm going

Sentence

to comment on concerning Mr. Rosario's statement, which you read into the record, was the reference to alleged gestures by government attorneys during the trial in front of the jury or facial expressions.  I saw no such thing happen.  I saw no gestures.  I saw no facial expressions.

Mr. Rosario please rise.  Is there anything else you want to say, sir?

THE DEFENDANT:  No.

THE COURT:  On Count one, it is adjudged that the defendant be committed to the custody of the attorney general of the United States or her authorized representative for the term of his natural life.

On Count 2, it is adjudged that the defendant be committed to the custody of the attorney general of the United States or her authorized representative for the term of his natural life.

On Count 4, it is adjudged that the defendant be committed to the custody of the attorney general of the United States or her authorized representative for the term of his natural life.

Sentence

The sentences on Counts 1, 2 and 4 are to run concurrently with each other and not consecutively.

On Count 3, it is adjudged that the defendant be committed to the custody of the attorney general of the United States or her authorized representative for a term of 10 years.  The sentences on Count 3 is to run concurrently with and not consecutively to the sentences on Counts 1, 2 and 4.

On Count 5, there is a five year mandatory consecutive term.

So, therefore, it is adjudged that the defendant be committed to the custody of the attorney general of the United States or her authorized representative for a term of 5 years.  The sentence on Count 5 is to run consecutively to the sentences on Counts 1, 2, 3 and 4 and not concurrently.

The total sentence imposed, thus, is life plus five years.  This sentence under federal jargon is to run consecutively to and not concurrently with the state sentences that the defendant is presently serving on the two attempted murder convictions.

Sentence

I am not fixing any fine, because I don't believe the defendant has the money to pay a fine.  Although it is academic, I believe the law requires that I fix a period of supervised release of five years at the expiration of the period of incarceration.  As I say, that's merely academic, but I fix it since the law requires it.  The terms of supervised release are under the standard mandatory terms.

Five $50 special assessments are fixed, as is required by the Comprehensive Crime Control Act of October 1984.

The purpose of my sentence is to punish this defendant for the activity which he engaged in, which terrorized areas of this city.  It is also to generally deter others.

The defendant is advised of his right to appeal both the conviction and the sentence in the case, and again, although it's academic, the government is advised of their right to appeal.  That's the sentence of the court.

MS. STEWART:  Judge, just for clarifications purpose, you stated that the time shall be served consecutively to his state sentence of 40 years to life.  Is it your

Sentence

understanding that he will serve that time first, or do you have to order it, or how does that work exactly?

THE COURT:  My understanding is that the state sentence, because the convictions were obtained first and since he was serving those, that those terms would be served out.

MR. GONZALEZ:  Your Honor, just so the record is clear, the government will be asking the Bureau of Prisons to take primary jurisdiction for this defendant so that he serves his sentence in the federal custody.

THE COURT:  I'm not making any order one way or the other.  If the Bureau of Prisons decides that the federal sentence is to be served first, you now have jurisdiction of the defendant, that's all right with me.  I was asked by Ms. Stewart what my understanding is. My understanding was that the previous conviction would be served out first.

MR. GONZALEZ:  We're just talking about housing, not the order of the sentences.  Thank you, your Honor.

o0o