UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>DAVID ROSARIO,<br><br>Defendant. | 96 Cr. 126-23 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On December 8, 2023, this Court received a *pro se* motion from David Rosario seeking compassionate release, in the form of a reduction in sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. #855). The Court appointed counsel for Mr. Rosario, who then filed a supplemental submission in further support of the motion on March 14, 2024. (Dkt. #862). In his two submissions, Mr. Rosario proffered several bases for relief, including: (i) legal challenges to his conviction and sentence; (ii) his post-arrest rehabilitation; (iii) his medical conditions; and (iv) his age at the time of his offense conduct.

On July 24, 2024, the Court entered an Order denying Mr. Rosario's application. (Dkt. #868 ("July 24 Order")). The Court incorporates that Order by reference, including its discussions of the underlying facts, the procedural history of this case, and its resolution of Mr. Rosario's claims for relief. The Court further adopts the Order's presentation of the governing law for compassionate release motions, which law has not meaningfully changed since it issued the July 24 Order. *See generally United States* v. *Tran*, No. 23-8037-cr, 2026 WL 100505 (2d Cir. Jan. 14, 2026) (summary order) (outlining relevant law).

Two years later, Mr. Rosario renewed his motion for compassionate release. (Dkt. #871 ("Renewed Motion")). However, the bases for his claims remain largely the same, and so do the Court's reasons for denying his request. For starters, Mr. Rosario spends part of his submission discussing amendments to United States Sentencing Guidelines Section 1B1.13 that became effective November 1, 2023, and Second Circuit decisions following those amendments. (Renewed Motion 9-12). However, the Court's prior analysis was undertaken with reference to that amendment and those cases. (July 24 Order 11-14).

Mr. Rosario then discusses his medical issues, which include vision impairment, diabetes, mobility issues, and back pain. (Renewed Motion 13-14). These conditions were, also, previously considered by the Court. (July 24 Order 15-17). Mr. Rosario again notes problems receiving dental care, which the Court understood to have been previously addressed. (*See id.* at 17 n.4). In response, the Court reached out to the Northeast Regional Counsel of the Bureau of Prisons ("BOP"), in order to (i) clarify Mr. Rosario's interest in receiving medical and dental care and (ii) communicate the Court's interest in the provision of such care to Mr. Rosario.

Finally, Mr. Rosario repeats previous arguments regarding his age at the time of the offense conduct, his extended time in prison, and his efforts at rehabilitation. (Renewed Motion 15-18). The Court's view remains the same: while it is pleased to learn that Mr. Rosario has used his time in prison productively, it does not find his age or the length of his sentence to warrant

compassionate release, and it recognizes that rehabilitation alone does not suffice. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted").

In short, none of the issues raised by Mr. Rosario in his renewed motion amounts to an "extraordinary and compelling reason[ ]" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); *see United States* v. *Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). However, even if Mr. Rosario had identified such a reason, the factors listed in 18 U.S.C. § 3553(a) would still counsel against such relief. *See Tran*, 2026 WL 100505, at *2 ("We discern no abuse of discretion in the district court's decision to deny Thai's motion based upon its determination that the Section 3553(a) factors continued to weigh against his release."). As the Court noted in its July 24 Order:

> David Rosario served as enforcer and hit man for a violent drug trafficking crew for a period of years beginning in 1989. Even while incarcerated on state charges, Rosario orchestrated the killings of at least two people. After his federal conviction on murder in aid of racketeering and similar offenses, Rosario was sentenced principally to an aggregate term of life imprisonment plus five years. Thereafter, Rosario filed an appeal from his conviction and several post-conviction motions, none of which succeeded.

(July 24 Order 1). While Mr. Rosario has wisely chosen not to renew his challenges to his conviction in his renewed motion, he still finds himself unable to express remorse for his conduct. Instead, Mr. Rosario speaks only in

platitudes about "accountability" (Renewed Motion 22, 23) and "accept[ing] responsibility" (*id.* at 25), seemingly with no effort to reckon with his conduct.[1] Given the seriousness of that conduct, and the needs "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(1)-(2), the Court finds that a reduction in sentence to time served would not be appropriate.

**CONCLUSION**

For the reasons stated above, the Court DENIES Rosario's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Clerk of Court is directed to terminate the motion at docket entry 871, and to mail a copy of this Order to Mr. Rosario at the following address:

David Rosario
USM No. 39665-054
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

SO ORDERED.

Dated: October 19, 2026
New York, New York

KATHERINE POLK FAILLA
United States District Judge

[1] Mr. Rosario states that "he does not ask this Court to invalidate his conviction, vacate his sentence, or resolve any legal claim that properly belongs in a proceeding under 28 U.S.C. § 2255." (Renewed Motion 18). However, "not disput[ing] the seriousness of the offenses for which he was sentenced" (*id.* at 19) is a far cry from expressing contrition for orchestrating the killings of multiple people.